A CERTIFIED TRUE COPY
ATTEST

By Darion Payne on Aug 17, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

Aug 17, 2009

FILED
CLERK'S OFFICE

09-3953

IN RE: BLOOD REAGENTS
ANTITRUST LITIGATION

FILED

MDL No. 2081

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## TRANSFER ORDER

**Before the entire Panel**[*]: This litigation consists of eight actions in the District of New Jersey and one action each in the Southern District of New York and the Eastern District of Pennsylvania.[1] All moving and responding parties agree that centralization is appropriate; the parties disagree upon their preference for the transferee district for this litigation.

Plaintiffs in three District of New Jersey actions have filed two motions, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of certain actions listed on Schedule A in the District of New Jersey. Plaintiffs in three other District of New Jersey actions and one District of New Jersey related action support both motions. These moving plaintiffs represent that plaintiffs in additional District of New Jersey actions support their motion.

Similarly, plaintiffs in the Eastern District of Pennsylvania action move, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of the actions listed on Schedule A in the Eastern District of Pennsylvania. Plaintiffs in two related Eastern District of Pennsylvania actions support this motion. These moving plaintiffs also represent that plaintiffs in other Eastern District of Pennsylvania related actions support their motion.

Plaintiffs in five related actions in the Eastern District of Texas and three related actions pending, respectively, in the Southern District of California, Eastern District of Tennessee and Eastern District of Wisconsin support centralization in the Eastern District of Texas. At oral argument, these plaintiffs represented that the plaintiff in the Western District of Pennsylvania related action, who initially proposed centralization in the Western District of Pennsylvania, now supports centralization in the Eastern District of Texas, too. Plaintiffs in the related actions in the Southern District of Illinois

---

[*] Judge Heyburn took no part in the decision of this matter.

[1] The parties have notified the Panel of twenty related actions pending in various federal districts. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

and the District of South Carolina each suggest centralization in the district in which their respective actions are pending.

Defendants Ortho–Clinical Diagnostics, Inc., and Johnson & Johnson Health Care Systems, Inc., propose centralization in Northern District of Georgia. Common defendant Immucor, Inc., supports centralization but took no position in its pleading regarding the appropriate transferee district.

On the basis of the papers and hearing session arguments, we find that these ten actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions involve allegations of price fixing in a claimed nationwide market for blood reagent products and seek recovery under federal antitrust law. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Eastern District of Pennsylvania, where multiple actions are pending, is an appropriate transferee forum. Centralization in this district permits the Panel to effect the Section 1407 assignment to a judge with experience presiding over multidistrict litigation as well as a caseload favorable to accepting the assignment.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Pennsylvania are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Jan E. DuBois for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
Robert L. Miller, Jr.
Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman* | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | |

**IN RE: BLOOD REAGENTS
ANTITRUST LITIGATION**

MDL No. 2081

## SCHEDULE A

<u>District of New Jersey</u>

Warren General Hospital v. Immucor, Inc., et al., C.A. No. 2:09-2391
Bradford Hospital, etc. v. Immucor, Inc., et al., C.A. No. 2:09-2458
Niagara Falls Memorial Medical Center v. Immucor, Inc., et al., C.A. No. 2:09-2476
KershawHealth v. Immucor, Inc., et al., C.A. No. 2:09-2509
Professional Resources Management of Crenshaw LLC, etc. v. Immucor, Inc., et al.,
   C.A. No. 2:09-2511
Professional Resources Management, Inc., etc. v. Immucor, Inc., et al., C.A. No. 2:09-2541
Regional Medical Center Board, etc. v. Immucor, Inc., et al., C.A. No. 2:09-2542
Larkin Community Hospital v. Immucor, Inc., et al., C.A. No. 2:09-2565

<u>Southern District of New York</u>

Mary Hitchcock Memorial Hospital, Inc. v. Immucor, Inc., et al., C.A. No. 1:09-5007

<u>Eastern District of Pennsylvania</u>

Schuylkill Medical Center - East Norwegian Street, et al. v. Immucor, Inc., et al.,
   C.A. No. 2:09-2491